UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, its Assignees and/or Successors,<br><br>Plaintiff,<br><br>Vs.<br><br>Rafael Quintanilla, and Does 1-10, inclusive,<br><br>Defendants. | Case No: C 11-1044 SBA<br><br>**ORDER REMANDING ACTION** |

Plaintiff Deutsche Bank National Trust Company filed the instant unlawful detainer action against Defendants in the Superior Court of California, County of Contra Costa, on January 11, 2011. Pl.'s Request for Judicial Notice ("RJN"), Ex. 2, Dkt. 8-2. The Complaint seeks possession of certain residential property located at 5049 Claremont Ct., Oakley, California 94561. Id. ¶ 1. Plaintiff obtained ownership of said property through foreclosure, pursuant to the Deed of Trust executed by Luis Quintanilla and Odilia Quintanilla. Id. ¶ 8.

On March 7, 2011, Defendants, acting pro se, filed a notice of removal on the basis of federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1331. Dkt. 1 at 2. The Court is required to consider issues related to federal subject matter jurisdiction and may do so sua sponte. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the

1 | Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed to be absent unless the removing party which seeks to invoke the Court's jurisdiction shows that plaintiff has alleged: (1) a federal cause of action, Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"); (2) a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921); or (3) a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, Defendants' notice of removal alleges that Plaintiff, through its unlawful detainer action, has violated various federal statutes, including the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act. See Dkt. 1 at 3. However, federal subject matter jurisdiction must be apparent from the face of the complaint, and cannot lie in anticipated defenses. Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Defensive matters are not considered to confer federal question jurisdiction for removal purposes: "a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." Id. at 10 (emphasis in original). In

1 reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional
2 requirements for federal subject matter jurisdiction.  Plaintiff's complaint is for unlawful
3 detainer and does not assert any federal claims.  Thus, based on the record presented, it is
4 facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal
5 subject matter jurisdiction.

6     IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior
7 Court of California, County of Contra Costa.  The Clerk shall close this file and terminate all
8 pending matters.  Plaintiff's pending motion for remand (which has not yet been noticed for
9 hearing on this Court's calendar) (Dkt. 8) and Defendants' pending requests to proceed in
10 forma pauperis (Dkt. 3, 4) are DENIED as moot.

11     IT IS SO ORDERED.

12 Dated:  May 24, 2011

                                                                          SAUNDRA BROWN ARMSTRONG
                                                                          United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST COMPANY,

       Plaintiff,

 v.

RAFAEL QUINTANILLA et al,

       Defendant.
                                        /

Case Number: CV11-01044 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Luis Quintanilla
5049 Claremont Court
Oakley, CA 94561

Odilia Quintanilla
5049 Claremont Court
Oakley, CA 94561

Dated: May 25, 2011

                              Richard W. Wieking, Clerk

                              By: LISA R CLARK, Deputy Clerk